**Saint Jean MARCELUS, Appellant**

v.

**Martha JORDAN, Warden of Federal Detention Center, Oakdale, LA; Janet Reno, Attorney General of the U.S.; Carol Bellew, Officer–In–Charge of the INS's office in Cherry Hill, New Jersey; Nancy Hooks, Officer–In–Charge of the INS's office in Oakdale, Louisiana; Immigration and Naturalization Service**

No. 01–1780.

United States Court of Appeals,
Third Circuit.

Argued July 11, 2002.
Filed Sept. 25, 2002.

Steven A. Morley (Argued), Bagia & Morley, Philadelphia, PA, for Appellant.

Andrew C. MacLachlan (Argued), David V. Bernal, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Appellees.

Before SCIRICA and GREENBERG, Circuit Judges, and FULLAM, District Judge.*

OPINION OF THE COURT

SCIRICA, Circuit Judge.

The issue on appeal is whether we have jurisdiction to consider an appeal from a motion to transfer venue within the federal system. We will dismiss for lack of jurisdiction.

I.

Saint Jean Marcelus is a native and citizen of Haiti who entered the United States at Miami, Florida, on May 22, 1980 as a parolee. In January 1982, he became a lawful permanent resident of the United States. In 1984, Marcelus moved to New Jersey. On January 31, 1995, Marcelus was convicted of a third degree offense of

---

* The Honorable John P. Fullam, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

"Endangering the Welfare of a Child" under New Jersey statutes section 2C:24–4(a)[1] and sentenced to a period of five years probation and eighteen months in an in-patient drug rehabilitation program.[2]

On January 12, 2000, while still on probation, Marcelus was arrested. While in custody on January 12, the INS served Marcelus with a Notice to Appear, charging that he was removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), "in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act, a law relating to murder, rape, or sexual abuse of a child." Marcelus was transferred to the Federal Detention Center in Oakdale, Louisiana, where he remained until he was removed to Haiti on July 16, 2001.

On January 4, 2001, Marcelus submitted[3] a Complaint for Declaratory and Injunctive Relief and a Petition for Writ of Habeas Corpus (with Emergency Stay of Deportation) in federal court (New Jersey). On January 19, 2001, the United States District Court for the District of New Jersey ordered the matter contained in the habeas petition transferred to the United States Court of Appeals for the Fifth Circuit. In the transfer order, the New Jersey District Court stated that "[a]s a § 2241 Petition, this matter can only be entertained by the federal court in which Petitioner is incarcerated—the Western District of Louisiana." The order considered the jurisdiction of the transferee court and concluded that "in Max–George [Max–George v. Reno, 205 F.3d 194 (5th Cir.2000), vacated by Max–George v. Ashcroft, 533 U.S. 945, 121 S.Ct. 2585, 150 L.Ed.2d 746 (2001)], the Fifth Circuit held that, in matters of deportation following classification of a committed crime as an aggravated felony, the decision of the [BIA] is reviewable by the court of appeals."

On January 22, 2001, prior to receiving the transferred case, the Fifth Circuit denied Marcelus' December 18, 2000, emergency motion for stay of removal, and granted the government's motion to dismiss Marcelus' petition for review. On January 29, 2001, the Fifth Circuit received the case transferred from the New Jersey District Court.

Marcelus mailed a motion to reconsider the transfer order to the District Court in New Jersey. The District Court received the motion on February 5, 2001. The motion did not contain the certificate of service required by the Federal Rules of

---

1. N.J.S. 2C:24–4 provides: "a. Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, or who causes the child harm that would make the child an abused or neglected child as defined in R.S. 9:6–1 and P.L. 1974, c. 119 s.1 (C.9:6–8.21) is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of 16 is guilty of a crime of the third degree."

N.J.S. 2C24–4 (West 1995).

2. The record of conviction shows that on March 31, 1995, Marcelus was sentenced:

To Probation for a period of five years. Conditioned upon entering and completing an 18 month In–patient drug program. Drug counseling after any care program. Urine screening, counseling regarding sexual issues, finding full time employment after drug program. Defendant will have No Contact with child victim unless court allows it. No Contact with own children unless supervised. No Contact with children when drug program complete unless court orders it. Defendant not allowed to return to the home after release and must cooperate with DYSF investigation.

3. The New Jersey District Court noted that the habeas petition was not "filed" because it was submitted without the required filing fee.

Civil Procedure and the court's local rules, so the District Court denied the motion without prejudice on February 13, 2001.

## II.

"[C]ourts of appeals ... have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.[4] Marcelus concedes that "in most circumstances" where the district court has ruled to transfer venue within the federal system, such a decision and order is not considered to be collaterally final for appellate purposes. In fact,

> For many years, this court—and virtually every other court—has held that such orders transferring venue are not appealable .... [W]here the district court is essentially ruling on a motion to transfer venue within the federal system ... "in the interests of justice" ... the order issued by the district court is not a collaterally final order.

*Nascone v. Spudnuts Inc.*, 735 F.2d 763, 764 (3d Cir.1984) (citations omitted).

As a result, we hold that we lack jurisdiction to consider the January 19, 2001 Order transferring venue from the New Jersey District Court to the United States Court of Appeals for the Fifth Circuit.

## III.

For the foregoing reasons, we will dismiss this appeal for lack of jurisdiction.

---

4. The government correctly noted in tis brief that:

> In limited circumstances, the courts of appeals may exercise jurisdiction over interlocutory decisions of district courts. *See* 28 U.S.C. § 1292(b). Such jurisdiction is only available, however, where the district court has certified that its order, though not otherwise appealable, involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate determination of the litigation. *See* § 1292(b). In this case, the district court did not certify its decision transferring venue for interlocutory review. The district court transferred the entire matter, including the stay motion, to the United States Court of Appeals for the Fifth Circuit.